1   DAVIS WRIGHT TREMAINE LLP
        865 S. FIGUEROA ST.
2           SUITE 2400
    LOS ANGELES, CALIFORNIA 90017-2566
3       TELEPHONE (213) 633-6800
          FAX (213) 633-6899

4   KELLI L. SAGER (State Bar No. 120162)
        kellisager@dwt.com
5   KAREN A. HENRY (State Bar No. 229707)
        karenhenry@dwt.com
6   JONATHAN L. SEGAL (State Bar No. 264238)
        jonathansegal@dwt.com
7

8   Attorneys for Defendant
    DISCOVERY COMMUNICATIONS, LLC
9   (incorrectly named as "Discovery
    Communications, Inc.")
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                          CV12-00330 JFW(VBKx)

14  KYLIE KRABBE, an individual,        )  Case No.
                                        )
15              Plaintiff,              )
                                        )
16       vs.                            )  **DEFENDANT DISCOVERY**
                                        )  **COMMUNICATIONS, LLC'S**
17  DISCOVERY                           )  **NOTICE OF REMOVAL OF**
    COMMUNICATIONS, INC., a             )  **ACTION UNDER 28 U.S.C. § 1441**
18  Delaware corporation; DOES 1        )  **(DIVERSITY); EXHIBITS A-B**
    through 20, inclusive,              )
19                                      )  State Action Filed: December 15,
                                        )  2011
20              Defendants.             )

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Discovery Communications, LLC (incorrectly named as "Discovery Communications, Inc.") ("Discovery"), named as a defendant in the action <u>Kylie Krabbe v. Discovery Communications, Inc.</u>, Case No. BC475212, currently pending in the Superior Court of the State of California, County of Los Angeles ("the State Court Action"), hereby removes the State Court Action pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, and respectfully states in support thereof:

1.      This Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1332(a) because (i) the State Court Action is a civil action pending within the jurisdiction and territory of the United States District for the Central District of California, Western Division; (ii) the State Court Action is between citizens of different states; (iii) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; (iv) Discovery is the only named defendant in this action; and (v) all procedural requirements for removal are met.

2.      There is complete diversity between Plaintiff Kylie Krabbe and Discovery.  At the time the State Court Action was filed, and at all times through the present, Plaintiff was a resident and citizen of the County of Los Angeles, California. (Compl.  ¶ 5.)  At the time the Complaint was filed, Discovery was, and still is a Delaware limited liability company with its principal place of business in Maryland. Its sole member is Discovery Communications Holding, LLC, which is a Delaware limited liability company with its principal place of business in Maryland.

3.      Discovery Communications Holding, LLC, has two members, DHC Discovery, Inc., and Discovery Communications, Inc.  DHC Discovery, Inc. is a Colorado corporation with its principal place of business in Maryland, and Discovery Communications, Inc. is a Delaware corporation with its principal place of business in Maryland.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.     No other defendant has been named.  To Discovery's knowledge, no other defendant has been served in the State Court Action, and no further consent to removal is required.

5.     The Complaint includes as defendants "Does 1 through 20," but because they are fictitious, they have not been served and their consent to removal is unnecessary.  See <u>Salveson v. W. States Bankcard Ass'n</u>, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); <u>Community Bldg. Co. v. Md. Cas. Co.</u>, 8 F.2d 678, 678-79 (9th Cir. 1925) (same); <u>see also</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("nominal, unknown or fraudulently joined parties" need not join in petition for removal).

6.     The amount in controversy in this matter exceeds the sum or value of $75,000.  Although Plaintiff did not state the amount of damages sought in her Complaint, it is facially apparent that the damages sought by Plaintiff are in excess of $75,000.  Where a complaint is silent with regard to the amount of damages sought, the district court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." <u>Singer v. State Farm Mutual Insurance Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997).  Plaintiff alleges that Discovery breached an implied contract to compensate her for the use of an idea for an entire television series.  (Compl. ¶¶ 40-45, 47, 49.)  Plaintiff also alleges that her "idea had substantial value" and that under the alleged implied-in-fact contract, "if Discovery used [her] idea," she would be paid to "produce the show" and for "use of her idea." (Compl. ¶¶ 46, 47, 49.)  Plaintiff seeks compensatory damages in an amount to be proven at trial, a royalty for Discovery's television series, and screen credit.

7.     On or about December 15, 2011, Plaintiff filed the above-entitled action.

8.     Discovery first received a copy of the Complaint on December 15, 2011, when its Agent of Service was personally served with the Summons and Complaint in the State Action.  Accordingly, this Notice of Removal is timely filed within the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

30-day period set forth in 28 U.S.C. § 1446(b). See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328, 143 L. Ed. 2d 448, 459 (1999).

9.     On January 11, 2012, Discovery filed an Answer to the Complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire State court file is attached as **Exhibit A**.

10.    Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, AETN is providing written notice of AETN's removal of the State Court Action to all known parties and the Clerk of the Superior Court of the State of California for the County of Los Angeles, in the form appended as **Exhibit B.**

11.    This Notice of Removal is hereby being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

12.    Accordingly, Discovery has complied with all applicable terms of 28 U.S.C. § 1446, and hereby removes the State Court Action from the Superior Court of the State of California for the County of Los Angeles to this Court, and respectfully requests that further proceedings be conducted in this Court as provided by law.

DATED: January 12, 2012

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
JONATHAN L. SEGAL

By: _____
                Kelli L. Sager

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC
(incorrectly named as "Discovery Communications, Inc.")

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

DEC 15 2011

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 15 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunye Wesley

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

DISCOVERY COMMUNICATIONS, INC., a Delaware corporation

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

KYLIE KRABBE, an individual   DOES 1 Through 20

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es:) Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER: (Número del Caso) **BC 475212** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Devin A. McRae, 6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048, (323) 301-4660

| | | |
|---|---|---|
| DATE: December 15, 2011 (Fecha) | Clerk, by (Secretario) | Shaunya Wesley Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): DISCOVERY COMMUNICATIONS, INC.

under: [✓] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [✓] by personal delivery on (date): 12/15/11

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Devin A. McRae, State Bar No. 223239
   William A. Wright, State Bar No. 193314
2  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
3  6420 Wilshire Blvd., 17th Floor
   Los Angeles, California 90048
4  Telephone: (323) 301-4660
   Facsimile: (323) 301-4676
5
   Attorneys for Plaintiff
6  KYLIE KRABBE

7

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 15 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10  KYLIE KRABBE, an individual,            Case No.    BC 475212

11            Plaintiff,                    COMPLAINT FOR BREACH OF
                                            IMPLIED-IN-FACT CONTRACT
12        v.
                                            DEMAND FOR JURY TRIAL
13  DISCOVERY COMMUNICATIONS, INC.,
    a Delaware corporation; DOES 1 through 20,
14  inclusive,

15            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT

Plaintiff Kylie Krabbe ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff created a reality show idea titled *Greener Pastures* about a successful medical marijuana dispensary business in California.  The core concept was to show an ostensibly normal American family whose family business was medical marijuana.  The show would follow this family's balance of a typical American family life with its running of a successful medicinal marijuana distribution business and related political activity.  Plaintiff not only created and developed this core idea, but also several specific unique ideas, including specific characters, themes and episodes.

2.      Plaintiff entered her treatment for this show idea in a national contest sponsored by CINE (which is an acronym for "Council on International Nontheatrical Events" and an organization which promotes itself as having "been instrumental in promoting the careers of thousands of filmmakers through juried competitions, educational programs, and networking opportunities").  The ultimate prize of this contest was that the winner would be given the opportunity to pitch her idea for sale to a high level industry executive selected by CINE, in such a fashion to maximize the potential for a successful sale by the contest's winner.  Plaintiff won this national contest, and CINE, who was led by an executive of Defendant Discovery Communications, Inc. ("Discovery"), Rita Mullin ("Mullin"), then selected Discovery and CINE's own Mullin as the high level industry executive to whom Plaintiff would formally pitch her idea for sale to Discovery.  This was ostensibly the award for winning the contest.

3.      It turns out that this so-called "contest" and "award" was merely an elaborate ruse by Discovery to identify and target the best novel ideas to steal under false pretenses—in direct violation of established California law.  Discovery "passed" on Plaintiff's pitch, saying the subject matter was "too edgy" for it.  Yet, either simultaneously or within days of uttering these pretextual reasons for rejection, Discovery approached another producer to create a show using all of Plaintiff's ideas.  *Weed Wars* premiered on the Discovery Channel one year later.  Not only is the general concept of *Weed Wars* identical to Plaintiff's *Greener Pastures*, but so are numerous concrete details regarding the plot, themes, characters and sequence of events.

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE (323) 301-4660
FACSIMILE (323) 301-4676

2

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

4.      This Complaint seeks redress for Discovery's wrongful conduct described herein, namely its misappropriation and flat-out theft of Plaintiff's ideas, which has caused and continues to cause ongoing harm to Plaintiff, including depriving her of the credits, fees and profits to which she is entitled.

### PARTIES

5.      Plaintiff is an individual residing in the State of California, County of Los Angeles.

6.      Discovery is a Delaware corporation which at all times mentioned herein has done and continues to do business in the County of Los Angeles.

7.      The true names and capacities of Defendants sued herein as Does 1 through 20, inclusive ("Does," collectively with Discovery, "Defendants"), are presently unknown to Plaintiff, and therefore are sued under fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of Does when they are ascertained.

8.      On information and belief, Defendants are, and at all times mentioned herein, were, the agents, servants and/or employees of each of the other Defendants, and each of them was acting within the scope of its, his or her authority as the agent, servant and/or employee of each other. On information and belief, Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof or knowingly acquiesced in, ratified and accepted the benefits of such acts and conduct, and therefore each of the Does is liable to the extent of the liability of the Defendants as alleged herein; consequently, all Defendants are jointly and severally liable to Plaintiff for the damages sustained as a proximate result of their conduct.

9.      On information and belief, at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employment.

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

3

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter because Defendants' acts and omissions that are the subject of this action occurred substantially in California.

11.     Venue is proper in Los Angeles County because the acts and omissions that are the subject of this action occurred substantially in this County.

## GENERAL ALLEGATIONS

12.     Plaintiff is a storyteller and a producer whose work focuses upon documentary and reality films and television series.

13.     Plaintiff is a member of the International Documentary Association.  On May 4, 2010, CINE distributed an advertisement via eblast@documentary.org to members of the International Documentary Association, including Plaintiff.  The ad's headline read: "Want to Pitch to the Pros? Submit your proposal to CINE now!" The ad continued verbatim:

> In conjunction with its 2010 Annual Awards Gala, CINE is bringing back its popular "5 on 5 for 5" pitch session. On June 3, 2010 at Discovery Communications in Silver Spring, 5 filmmakers, will have the opportunity to make a 5 minute pitch to 5 industry executives, including Rita Mullin, Vice President of Development, TLC, Mike Stiller, Executive Producer at History, Donald Thoms, President of ThomsMediaGroup, Dolores Gavin, Senior Director of Development and Production, Discovery Channel, and Chris Palmer, environmental and wildlife film producer.

> Proposals will be accepted until May 14, and the 5 participants will be chosen from among those submitting pitch proposals to CINE. The winner will receive an interview with a network development executive.

> Pitch proposals should be no more than one page and should include:

> •      Program Description

> •      Program Length

> •      Format

> •      Intended Audience

> •      Your role (producer, writer, director)

> •      Estimated Budget

> The pitches themselves must be no longer than 5 minutes. There is no fee for submitting pitch proposals, which must be submitted to

4

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

pitch@cine.org by May 14.

14.     On May 13, 2010, Plaintiff registered with the Writers Guild of America ("WGA") a treatment for a reality television series titled *Greener Pastures*.  Plaintiff—understanding the 5 on 5 for 5 pitch session to be a great opportunity to get a private audience with a network development executive in order to offer her series idea for sale and to receive compensation as a creative executive producer on the series if the idea were purchased—then submitted her registered treatment to CINE for inclusion in the pitch submission contest.

15.     On May 24, 2010, Plaintiff received an email notification from CINE Executive Director Wendy Revel ("Revel") informing Plaintiff that her proposal for *Greener Pastures* was one of the five selected for CINE's 5 on 5 for 5 pitch session at Discovery's offices in Silver Spring, Maryland.  When Plaintiff thereafter contacted Revel to inquire about travel and accommodations, Revel informed Plaintiff that she had to take care of these arrangements on her own.  Revel cautioned Plaintiff that if Plaintiff were dissuaded from participating based on Plaintiff having to arrange and pay for her own travel and accommodations, CINE would simply choose another submission to take Plaintiff's place and that Plaintiff would be forfeiting a valuable opportunity to compete further for the prize of the interview with an industry professional to further discuss the sale of her series idea.  Plaintiff replied that this was not a problem for her, and that she highly valued this opportunity to directly submit her idea for sale to high level industry executives.

16.     CINE's guidelines stated that Plaintiff's pitch must include: proposal description; program/series length per episode; format (i.e., series, movie, multimedia); intended viewing audience; Plaintiff's designated role on the production/project in the event it was purchased for broadcast (i.e., producer, writer, director); and an estimated budget.

17.     On June 3, 2010, at Discovery's offices in Silver Spring, Maryland, Plaintiff delivered her verbal pitch, which was virtually an oral repetition of her registered written treatment for *Greener Pastures*.  The judges that Plaintiff pitched her idea to were: Mullin, Vice President of Development at Discovery's TLC channel; Mike Stiller, Executive Producer at the History Channel; Dolores Gavin, Senior Director of Development and Production at the Discovery Channel; and Chris Palmer, environmental and wildlife film producer.

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE (323) 301-4660
FACSIMILE (323) 301-4676

5

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

18.   The judges deliberated briefly following the completion of all five contestant pitches, and then declared that Plaintiff's *Greener Pastures* pitch was the winner.

19.   Afterward, Discovery's Mullin approached Plaintiff in the ladies room, congratulated her on her winning pitch and told Plaintiff that she/Discovery was very interested in meeting with Plaintiff formally at Discovery's Los Angeles offices after the competition to discuss the sale of *Greener Pastures* to Discovery.

20.   The following evening, CINE held the "CINE Gala," which Plaintiff attended at the invitation of then President of CINE, Donald Thoms ("Thoms"). As part of the Gala, Thoms announced that he would be stepping down as President and that Discovery's Mullin would succeed him.

21.   At the Gala, Plaintiff further discussed with Mullin the sale of *Greener Pastures* to Discovery, with Plaintiff being attached as a Head Producer and Writer. Mullin told Plaintiff that her idea was "excellent" and that it was of real interest to Discovery. Mullin counseled Plaintiff that it would be an "incredible" boost for her pitch if Plaintiff could cast the subject family on her own, but many networks, including Discovery's TLC, would probably be willing to give Plaintiff development money to find the right subject family based on the "strength of the idea alone." Mullin also encouraged Plaintiff to align herself with a proven production company.

22.   As the 2010 5 on 5 for 5 competition winner, Plaintiff's prize was to be an "interview with an industry development executive" to formally present her idea for sale. CINE advised Plaintiff that it would select the particular industry development executive based on its goal to maximize Plaintiff's opportunity to sell her idea.

23.   CINE, acting through its President, Discovery's Mullin, selected Mullin as the industry interview prize.

24.   Prior to her industry interview prize with Mullin, former CINE President Thoms advised Plaintiff that she would be "more protected" as an "unproven" producer if she could align herself with a "proven" production company. Thoms further said that he "hoped" and "didn't believe" any CINE-associated people would "rip [her] off," meaning misappropriate her idea without due compensation. He counseled Plaintiff that he could "protect" her from that.

6

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

25.    On July 13, 2010, Mullin emailed Plaintiff advising Plaintiff that Mullin would be at Discovery's Los Angeles offices in August and would like to then meet with Plaintiff to discuss the sale of *Greener Pastures*.  Mullin directed Plaintiff to schedule this meeting with Mullin's assistant.

26.    On the advice and encouragement of CINE, Thoms and Mullin, in late July 2010, Plaintiff, after spending considerable time, energy and resources, successfully cast the subject family for *Greener Pastures* and contractually aligned herself with GOTV, a "proven" production company, to maximize the success of her upcoming "prize" industry interview with Discovery's Mullin.

27.    The family that Plaintiff had cast was led by Joanna Laforce ("Laforce"), a licensed pharmacist and devoted grandmother who owns The Farmacy, a trio of the largest, hippest and most successful medical marijuana dispensaries in the State of California.  Along with Laforce—as the visionary and the leader and person with the plan, the brains and strength behind it all, an outspoken political activist and the face of the family business—there was: (a) the General Manager Bill Leahy ("Leahy"), Laforce's person on the ground responsible for making sure that everyday operations are running smoothly; (b) "Teddy", the 20/30-something "do-it-all" guy who has a hand in everything, the quintessential foot soldier, but conflicted by concerns that his true talents are being squandered by working as a clerk in business with no guarantees; (c) the inept but emotionally invested Accountant, "Irene"; and (d) Laforce's stepdaughter who is an employee.  Plaintiff delineated this character breakdown in her verbal pitch, the *Greener Pastures* "One Sheet" and a casting tape. Plaintiff's pitch developed these characters even further, for example, by exploring Teddy's internal conflict between his "higher" aspirations for a professional career in radio and working in the medical marijuana business as a lower-level employee, with additional pressure from a loved one who does not approve and thinks the medical marijuana business is beneath him.

28.    On August 2, 2010, at Discovery's Los Angeles offices, Plaintiff pitched *Greener Pastures* to Mullin and Discovery executive Brad Kohlenstein ("Kohlenstein").  During the meeting, Plaintiff not only delivered her verbal pitch again, she showed them the casting tape, which Mullin and Kohlenstein directed Plaintiff to upload onto Discovery's "Producer Portal"—a site where all Discovery executives on all levels and in all departments and channels share materials

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

7

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE (323) 301-4660
FACSIMILE (323) 301-4676

1    offered for sale.

2        29.    At one point during the meeting, Mullin and Kohlenstein expressed that the subject

3    of medical marijuana might be "too edgy" for Discovery's audiences and might pose a problem with

4    Discovery's brand advertisers. This "concern" struck Plaintiff as odd. From the outset, at least

5    months before this formal pitch meeting (and so-called "prize"), Mullin knew exactly the nature of

6    *Greener Pastures* and had initiated contact with Plaintiff on numerous occasions to express

7    Discovery's interest in Plaintiff's idea, which Mullin repeatedly said was so unique and interesting

8    to Discovery.

9        30.    At the conclusion of the pitch meeting, Mullin and Kohlenstein stated that they

10    would be presenting Plaintiff's pitch and pitch materials internally, and they urged Plaintiff to

11    upload the pitch materials (Plaintiff's WGA-registered treatment for *Greener Pastures*, the *Greener*

12    *Pastures* One Sheet, a *Greener Pastures* "10 Episode Sampler," a "Portal Submission" document

13    and the casting tape) on Discovery's Producer Portal. On August 5, 2010, Plaintiff uploaded these

14    pitch materials, as requested. Plaintiff's pitch materials also included a press kit on The Farmacy

15    containing various articles about Laforce/The Farmacy, many of which mentioned Steve D'Angelo

16    ("D'Angelo") and Harborside as a contemporary in size and stature in the world of medical

17    marijuana distribution. These articles were discussed and shared with each Discovery executive

18    mentioned herein.

19        31.    On August 19, 2010, Plaintiff received notification by Discovery's Producer Portal

20    that "taking into account the programming needs for our upcoming schedules, we have decided not

21    to pursue your program submission at this time."

22        32.    On August 20, 2010, Plaintiff spoke with Mullin by telephone. Mullin told Plaintiff

23    that *Greener Pastures* was "too edgy for TLC" and possibly problematic for its more conservative

24    advertisers. Mullin stated, however, that she still believed in the project and thought it would be

25    perfect for Discovery's Planet Green Channel. To that end, Mullin offered to, and did, facilitate an

26    email introduction the same day with Discovery's Senior Vice President of Production and

27    Development at the Planet Green Channel, Jeff Hasler ("Hasler"), regarding *Greener Pastures* for

28    sale and broadcast on that channel.

8

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

33.    As requested by Mullin and Hasler, Plaintiff re-submitted the *Greener Pastures* pitch materials to Hasler with some minor changes to better suit what Plaintiff was told by Mullin and Hasler about what Planet Green was looking for—slightly edgier material with a "green" angle (i.e., political and organic medicine emphasis) in addition to the other unique ideas submitted to Mullin.

34.    On August 24, 2010, Plaintiff orally pitched *Greener Pastures* to Hasler by conference call. He informed Plaintiff at the conclusion of the call that he and others would discuss Plaintiff's idea internally not only at Planet Green, but with all of the channels under the Discovery umbrella, and all the way up to Discovery's top brass.

35.    On September 14, 2010, Hasler, on behalf of Discovery, "passed" on Plaintiff's idea. He told Plaintiff that Discovery had a "big" discussion about *Greener Pastures*, that Laforce was "undoubtedly an expert in her field" but, at the end of the day, Discovery was looking for shows with more of an entertainment angle versus a "do gooder." He also stated that Discovery had concerns about ad sales given the subject matter of medicinal marijuana.

36.    On information and belief, at the same time, Discovery simply decided to steal Plaintiff's ideas and had initiated, or soon thereafter did initiate, contact with another producer, Chuck Braverman, to make a show using Plaintiff's ideas, but rather than casting Laforce who was under contract with Plaintiff, casting D'Angelo who was identified in Plaintiff's pitch materials as, in essence, Laforce's mirror image in Northern California.

37.    *Weed Wars* premiered on The Discovery Channel on December 1, 2011.

38.    By way of illustration and not limitation, among the numerous ideas that were unique to *Greener Pastures*, Discovery uses the following in *Weed Wars*: (a) a medicinal marijuana dispensary as a family business; (b) a medicinal marijuana dispensary that not only is a family business, but is the best of the best of all medicinal marijuana dispensaries in existence—an industry leader with regard to the quality and size, and unilaterally recognized and accepted as such, nationally and globally inside and outside of the medicinal marijuana community and industry; (c) a medicinal marijuana dispensary lead by a leader (Laforce/D'Angelo) who is not only the head of their family, but a visionary and political activist, highly respected and revered separately from their family and business as a pioneer in the medicinal cannabis movement; (d) the risk everyday of

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

9

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

1  whether they will or will not be open and stay out of jail and be able to do their jobs and support

2  their families because of the illegality, on the federal level, of medicinal marijuana, as well as the

3  possibility every day that the entire business empire could be shut down at a moment's notice; (e)

4  the concept of the leader visionary of the business (Laforce/D'Angelo) being on a mission to

5  educate the mainstream about the truth of medicinal cannabis as a legitimate and beneficial

6  medicine for millions of patients, and this being what makes it worth it to them to operate at such

7  personal risk; and (f) the idea that the leader visionary of their businesses are in their own unique

8  way striving to attain the "American Dream" in an unconventional fashion and that viewers are

9  being afforded a sneak peek into this otherwise underground and secret world and method of

10  attaining all the good things all American's would like to achieve.

11       39.    Furthermore, *Weed Wars* not only duplicates *Greener Pastures'* lead character and

12  character plot, but each of the characters described above in paragraph 27. Mirroring Leahy, the

13  General Manager of The Farmacy in *Greener Pastures*, is D'Angelo's brother, Andrew, the General

14  Manager of Harborside in *Weed Wars*; mirroring Teddy, the young, conflicted clerk/do-it-all guy in

15  *Greener Pastures*, is Terryn in *Weed Wars*, who suffers the very same internal conflict, struggle and

16  pressure from a loved one to find a better calling; mirroring Irene, the inept Accountant in *Greener

17  Pastures*, is Luigi, the inept CFO in *Weed Wars*; and even mirroring Laforce's stepdaughter

18  employee in *Greener Pastures* is D'Angelo's stepdaughter employee in *Weed Wars*.

19  **FIRST CAUSE OF ACTION FOR BREACH OF IMPLIED-IN-FACT ORAL CONTRACT**

20  **(Against all Defendants)**

21       40.    Plaintiff hereby incorporates by reference each of the allegations made in paragraphs

22  1 through 39, inclusive, as though fully set forth herein.

23       41.    Plaintiff submitted *Greener Pastures* for sale to Discovery.

24       42.    Plaintiff conditioned the use of her idea on payment.

25       43.    Discovery knew this condition on which Plaintiff's idea was tendered.

26       44.    Discovery not only voluntarily accepted the submission of Plaintiff's idea, but

27  actively solicited Plaintiff's submission of idea.

28       45.    Discovery uses Plaintiff's idea in *Weed Wars*.

10

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

46.     Plaintiff's idea had substantial value (as demonstrated by, for example, her winning CINE's national pitch contest, and as stated by Discovery's own Mullin on numerous occasions.)

47.     Plaintiff and Discovery had an implied-in-fact oral contract that, if Discovery used Plaintiff's idea, Plaintiff would produce the show described in her pitch materials and Discovery would pay Plaintiff, including for the use of her idea.

48.     Plaintiff performed all conditions, covenants and promises required on her part to be performed under the parties' agreement, except those conditions, covenants and promises that Plaintiff could not perform based on Defendants' breach of the agreement, or which were otherwise excused or prevented by Defendants' conduct

49.     By the conduct set forth above, Defendants have failed and refused to perform, and have breached, their obligations under the agreement.  Among other things, Defendants have misappropriated Plaintiff's ideas and have deprived Plaintiff of credits, fees and profits to which she is entitled.  As a proximate result of Defendants' breaches of the agreement, Plaintiff has been damaged in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For compensatory damages in an amount to be proven at trial;

2.     For prejudgment and post-judgment interest;

3.     For costs of suit;

4.     For screen credit for *Weed Wars*;

5.     For a reasonable royalty from *Weed Wars*; and

6.     For such other and further relief as the Court may deem proper.

Dated:  December 15, 2011

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By:

DEVIN A. MCRAE
Attorneys for Plaintiff
KYLIE KRABBE

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

11

**COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT**

1

## DEMAND FOR JURY TRIAL

2
Plaintiff hereby demands trial by jury of all issues so triable.

3
Dated:  December 15, 2011

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

4

5

6
By:

7
DEVIN A. MCRAE
Attorneys for Plaintiff
KYLIE KRABBE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676

COMPLAINT FOR BREACH OF IMPLIED-IN-FACT CONTRACT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Devin A. McRae, State Bar No. 223239
Early Sullivan Wright Gizer & McRae LLP,
6420 Wilshire Blvd., 17th Floor
Los Angeles, California 90048
TELEPHONE NO.: (323) 301-4660   FAX NO.: (323) 301-4676
ATTORNEY FOR *(Name):* KYLIE KRABBE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 15 2011

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Shaunya Wesley

**CASE NAME:**
KRABBE v. DISCOVERY COMMUNICATIONS, INC.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | **CASE NUMBER:** BC 475212 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
**4.** Number of causes of action *(specify):*  one cause of action for breach of implied-in-fact contract
**5.** This case ☐ is ☑ is not    a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 15, 2011
Devin A. McRae
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil action may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Krabbe v. Discovery Communications, Inc. | CASE NUMBER: BC475212 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5    ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Krabbe v. Discovery Communications, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., ②, 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Krabbe v. Discovery Communications, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Krabbe v. Discovery Communications, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>10100 Santa Monica Boulevard, Suite 1500 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 15, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221.Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                                                           Page 1 of 2
LASC Approved 10-03

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** — The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8587 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)803-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**
**A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office**

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

(INSERT DATE)     (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➢ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➢ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ _____
  (TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢ (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)

Date:

_____   ➢ (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)

Date:

_____   ➢ (ATTORNEY FOR _____)
  (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: _____        _____
                                                    JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER- | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐    Request for Informal Discovery Conference.
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ **BC 475212**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirde Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*__Class Actions__
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Attorney or Party without Attorney:
DEVIN A. MCRAE, Bar #223239
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
6420 WILSHIRE BOULEVARD
17TH FLOOR
LOS ANGELES, CA 90048
Telephone No: (323) 301-4669    FAX No: (323) 301-4676

For Court Use Only

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 20 2011

John A. Clark ... ...cer/Clerk
By _____ Deput
GLORIETTA ROBINSON

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT

Plaintiff: KYLIE KRABBE, ETC.

Defendant: DISCOVERY COMMUNICATIONS, INC., ETC.

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: BC475212 $0-47$ |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS.

3.  a. Party served:           DISCOVERY COMMUNICATIONS, INC., A DELAWARE CORPORATION
    b. Person served:         MARGARET WILSON, PROCESS SPECIALIST, CT CORPORATION
                              SYSTEM, REGISTERED AGENT.

4. Address where the party was served:    818 WEST 7TH STREET
                                          2ND FLOOR
                                          LOS ANGELES, CA 90017

5. I served the party:
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Dec. 15, 2011 (2) at: 10:10AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    on behalf of: DISCOVERY COMMUNICATIONS, INC., A DELAWARE CORPORATION
    Under CCP 416.10 (corporation)

7. Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. DOUG FORREST                       d. The Fee for Service was:

    First Legal
    1511 West Beverly Blvd.
    Los Angeles, CA 90026
    Telephone    (213) 250-9111
    Fax          (213) 250-1197
    www.firstlegalnetwork.com

                                          e. I am: (3) registered California process server
                                              (i)   Independent Contractor
                                              (ii)  Registration No.:    5141
                                              (iii) County:              Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Fri, Dec. 16, 2011

(DOUG FORREST)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE
SUMMONS & COMPLAINT**

J109871  .demc.415467

**FILED**
LOS ANGELES SUPERIOR COURT
FILE STAMP

JAN 0 4 2012

JOHN A. CLARKE, CLERK
*Araceli Rodriguez*
BY RACHEL RODRIGUEZ, DEPUTY

NOTICE SENT TO:

McRae, Devin A.
Early Sullivan Wright Gizer & McRae LLP
6420 Wilshire Blvd., 17th Floor
Los Angeles            CA  90048

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| KYLIE KRABBE        Plaintiff(s), | | BC475212 |
| VS. | | |
| DISCOVERY COMMUNICATIONS INC        Defendant(s). | | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for April 16, 2012 at 8:30 am in Dept. 47 at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b) and California Rules of Court 2.2 et seq.

Date: January 4, 2012                                              *Debra Katz Weintraub*
                                                                                        Judicial Officer WEINTRAUB

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: January 4, 2012

                                                        John A. Clarke, Executive Officer/Clerk

                                                        by _____ , Deputy Clerk

ACIV 132 (Rev. 09/07)                                   Cal. Rules of Court, rule 3.720-3.730
ASC Approved 10-03                                      LASC Local Rules, Chapter Seven

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 11 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

KELLI L. SAGER (State Bar No. 120162)
    kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
    karenhenry@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
    jonathansegal@dwt.com

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC (incorrectly
named as "Discovery Communications, Inc.")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| KYLIE KRABBE, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>DISCOVERY COMMUNICATIONS,<br>INC., a Delaware corporation; DOES 1<br>through 20, inclusive,<br><br>                    Defendants. | Case No. BC475212<br>[Assigned to the Hon. Debre K. Weintraub]<br><br>ANSWER OF DEFENDANT<br>DISCOVERY COMMUNICATIONS,<br>LLC TO PLAINTIFF'S UNVERIFIED<br>COMPLAINT<br><br>Dept.:47<br>Action Filed:  December 15, 2011 |

Defendant Discovery Communications, LLC (erroneously named as "Discovery Communications, Inc.") ("Discovery"), answering for itself and no others, in response to the unverified Complaint ("Complaint") filed by Plaintiff Kylie Krabbe ("Plaintiff") admits, denies, and alleges as follows:

Pursuant to Code of Civil Procedure § 431.30, Discovery denies each and every allegation contained in the Complaint.  Discovery further denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on its part, and specifically denies that Plaintiff suffered any of the damages alleged in her unverified Complaint.  Discovery further denies that

Plaintiff is entitled to any equitable or legal relief against it on any ground whatsoever, and denies that Plaintiff is entitled to damages against it in any amount.

## SEPARATE AND ADDITIONAL DEFENSES

Discovery alleges the following separate and additional defenses. By alleging these separate and additional defenses, Discovery is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues. Discovery reserves the right to supplement, amend, or modify these separate and additional defenses as appropriate based on information obtained during the course of this litigation.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1.    The Complaint, and its cause of action, is barred, in whole or in part, because it fails to allege facts sufficient to constitute any cause of action against Discovery.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2.    The Complaint, and its cause of action, is barred, in whole or in part, because Discovery did not act with the requisite degree of intent or fault.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3.    The Complaint, and its cause of action, is barred, in whole or in part, because Discovery's actions were reasonable, justified, privileged, and in good faith.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.    The Complaint, and its cause of action, is barred, in whole or in part, because the alleged actions by Discovery were protected under the First and Fourteenth Amendments to the United States Constitution.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.    The Complaint, and its cause of action, is barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.    The Complaint, and its cause of action, is barred, in whole or in part, by the doctrine of laches.

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.    The Complaint, and its cause of action, is barred, in whole or in part, by the doctrine of waiver.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.    The Complaint, and its cause of action, is barred, in whole or in part, by the doctrine of estoppel.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.    The Complaint, and its cause of action, is barred, in whole or in part, because the idea that Plaintiff claims to have originated for a television program about the medical marijuana business is not protectable.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.    The Complaint, and its cause of action, is barred, in whole or in part, because Plaintiff cannot establish that her ideas were sufficiently concrete to form the basis of any cause of action against Discovery.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.    The Complaint, and its cause of action, is barred, in whole or in part, because Plaintiff's alleged program idea was not original, unique, or novel, and therefore cannot give rise to a claim under applicable law.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    The Complaint, and its cause of action, is preempted by the Federal Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    The Complaint, and its cause of action, is barred, in whole or in part, because Discovery's Program "Weed Wars" was created independently from a source other than Plaintiff.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    The Complaint, and its cause of action, is barred, in whole or in part, because Discovery's Program "Weed Wars" is not substantially similar to Plaintiff's idea for a television program.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.     The Complaint, and its cause of action, is barred, in whole or in part, because Plaintiff cannot show that the look and feel of Discovery's "Weed Wars" Program is similar to any work conceived of by Plaintiff.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.     The Complaint, and its cause of action, is barred, in whole or in part, because Plaintiff cannot show that there is a substantial similarity of protectable expression between Discovery's "Weed Wars" Program and any work conceived of by Plaintiff.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.     The Complaint, and its cause of action, is barred, in whole or in part, because the damages allegedly suffered by Plaintiff, if any, were not proximately caused by Discovery.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.     The Complaint, and its cause of action, is barred, in whole or in part, because there was no fiduciary, contractual or other relationship between Plaintiff and Discovery that gives rise to any claim by Plaintiff.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.     The Complaint, and its cause of action, is barred, in whole or in part, because Discovery did not enter into the implied-in-fact contract or agreement with Plaintiff alleged in the Complaint.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.     The Complaint, and its cause of action, is barred, in whole or in part, because there was no consideration for the alleged implied-in-fact contract that forms the basis of Plaintiff's claim against Discovery.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

21.     The Complaint, and its cause of action, is barred, in whole or in part, because there was no meeting of the minds between Discovery and Plaintiff with respect to the implied-in-fact contract alleged in the Complaint.

ANSWER
DWT 18826776v2 0046587-000795

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.     Plaintiff's implied-in-fact contract claim is barred, in whole or in part, because Plaintiff has not sufficiently alleged the terms of the alleged agreement she claims to have had with Discovery.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23.     The Complaint, and its cause of action, is barred, in whole or in part, because Discovery did not improperly disclose any of Plaintiff's works or concepts.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24.     The Complaint, and its cause of action, is barred, in whole or in part, because the conduct of the alleged Doe defendants is not imputed to or binding upon Discovery.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25.     Plaintiff is barred from recovering under the Complaint, in whole or in part, because her damages, if any, are vague, uncertain, imaginary, and speculative.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26.     To the extent that any loss, injury, or damage occurred as Plaintiff alleges, which Discovery denies, such loss, injury, or damage was proximately caused and contributed to by persons other than Discovery.  Such other causation was an intervening and superseding cause of the purported loss, injury, or damage of which Plaintiff complains.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

27.     Plaintiff failed to mitigate her damages, if any, and as a consequence, she is not entitled to recover the damages alleged or any other damages.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

28.     To the extent Plaintiff suffered any damages, which Discovery denies, such damages were, in whole or in part, the legal fault of persons, firms, corporations, or entities other than Discovery, and such legal fault eliminates or reduces the percentage of responsibility to be borne by Discovery.

ANSWER
DWT 18826776v2 0046587-000795

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

29.   The Complaint, and its cause of action, is barred, in whole or in part, because Plaintiff entered into an agreement with Discovery that bars her claims, and includes an express release of the implied-in-fact contract claim alleged in the Complaint.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

30.   The Complaint, and its cause of action, is barred, in whole or in part, under Maryland Code § 5-901(3).

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

31.   Discovery has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available to it. Discovery reserves the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

## PRAYER

THEREFORE, DISCOVERY prays:

1.   That Plaintiff takes nothing by her Complaint and that it be dismissed with prejudice;

2.   That judgment be entered in favor of Discovery and against Plaintiff;

3.   That Discovery recover its costs in this action; and

4.   For such other and further relief as this Court deems just and proper.

DATED: January 11, 2012

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
JONATHAN L. SEGAL

By _Kelli L. Sager_
   Kelli L. Sager

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC
(incorrectly named as "Discovery
Communications, Inc.")

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY FEDERAL EXPRESS

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566. I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

On January 11, 2012, I served the following document(s): **ANSWER OF DEFENDANT DISCOVERY COMMUNICATIONS, LLC TO PLAINTIFF'S UNVERIFIED COMPLAINT** by placing a **true copy or original** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Devin A. McRae, Esq.**
**William A. Wright, Esq.**
**EARLY, SULLIVAN, WRIGHT, GIZER & MCRAE LLP**
**6420 Wilshire Boulevard, 17th Floor**
**Los Angeles, CA 90048**

and by sealing the envelope and placing it for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

Executed on January 11, 2012, at Los Angeles, California.

☒   State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Gino M. Pasquale | |
|---|---|
| Print Name | Signature |

# EXHIBIT B

1
2
3
4
5
6
7
8
9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
  karenhenry@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC (incorrectly
named as "Discovery Communications, Inc.")

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF LOS ANGELES

12

13    KYLIE KRABBE, an individual,          ) Case No. **BC475212**
                                            ) [Assigned to the Hon. Debra K. Weintraub]
14                   Plaintiff,             )
                                            )
15           vs.                            ) **DEFENDANT DISCOVERY**
                                            ) **COMMUNICATIONS, LLC'S NOTICE**
16    DISCOVERY COMMUNICATIONS,             ) **TO ADVERSE PARTY OF REMOVAL**
      INC., a Delaware corporation; DOES I  ) **OF ACTION TO FEDERAL COURT;**
17    through 20, inclusive,                ) **EXHIBIT A**
                                            )
18                   Defendants.            )
                                            )
19                                          ) State Action Filed:    December 15, 2011
                                            )
20    _____  )

21
22
23
24
25
26
27
28

NOTICE TO ADVERSE PARTY
DWT 18835989v1 0046587-000795

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE THAT,** on January 12, 2012, Defendant Discovery Communications, LLC (incorrectly named as "Discovery Communications, Inc."), filed a Notice of Removal of this action in the United States District Court for the Central District of California. (A true and correct copy of that Notice Of Removal is attached as **Exhibit A.**)

     The filing of this Notice To Adverse Party divests the Superior Court of jurisdiction and effects the removal of this action in accordance with Title 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

DATED: January 12, 2012

                        DAVIS WRIGHT TREMAINE LLP
                        KELLI L. SAGER
                        KAREN A. HENRY
                        JONATHAN L. SEGAL

                        By:_____
                                Kelli L. Sager

                        Attorneys for Defendant
                        DISCOVERY COMMUNICATIONS, LLC
                        (incorrectly named as "Discovery Communications, Inc.")

NOTICE TO ADVERSE PARTY
DWT 18835989v1 0046587-000795

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
KAREN A. HENRY (State Bar No. 229707)
  karenhenry@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
  jonathansegal@dwt.com

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC (incorrectly
named as "Discovery Communications, Inc.")

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KYLIE KRABBE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DISCOVERY COMMUNICATIONS, INC., a Delaware corporation; DOES I through 20, inclusive,<br><br>　　　　　　　Defendants. | Case No. **BC475212**<br>[Assigned to the Hon. Debra K. Weintraub]<br><br>**DEFENDANT DISCOVERY COMMUNICATIONS, LLC'S NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL; EXHIBIT A**<br><br>State Action Filed:　　December 15, 2011 |

NOTICE TO SUPERIOR COURT
DWT 18810032v2 0046587-000029

**PLEASE TAKE NOTICE THAT,** on January 2, 2012, Defendant Discovery Communications, LLC (incorrectly named as "Discovery Communications, Inc."), filed a Notice of Removal of this action in the United States District Court for the Central District of California.  (A true and correct copy of that Notice Of Removal is attached as **Exhibit A.**)

PLEASE TAKE FURTHER NOTICE that this Notice of Filing, as well as the Notice of Removal attached as Exhibit A, has been provided to all adverse parties and filed with the Superior Court of the State of California for the County of Los Angeles, thereby effecting the removal of the action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1446(d).

DATED: January 12, 2012

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
KAREN A. HENRY
JONATHAN L. SEGAL

By:_____
            Kelli L. Sager

Attorneys for Defendant
DISCOVERY COMMUNICATIONS, LLC
(incorrectly named as "Discovery Communications, Inc.")

NOTICE TO SUPERIOR COURT
DWT 18810032v2 0046587-000029

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 12, 2012 I caused the following documents described as: **DEFENDANT DISCOVERY COMMUNICATIONS, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY); EXHIBITS A-B** to be served on all other parties to this action by requesting that a messenger from **Apex Attorney Service** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

**Devin A. McRae, Esq.**
**William A. Wright, Esq.**
**EARLY, SULLIVAN, WRIGHT, GIZER & MCRAE LLP**
**6420 Wilshire Boulevard, 17th Floor**
**Los Angeles, CA  90048**

Executed on January 12, 2012 at Los Angeles, California.

☐      State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒      Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| **Gino M. Pasquale** | |
| Print Name | Signature |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 330 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KYLIE KRABBE, an individual

**DEFENDANTS**
DISCOVERY COMMUNICATIONS, LLC, (incorrectly named as "Discovery Communications, Inc., a Delaware corporation")

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Devin A. McRae (SBN: 223239);
William A. Wright (SBN: 193314)
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90048
(323) 301-4660

Attorneys (If Known)
Kelli L. Sager (SBN: 120162); Karen A. Henry (SBN: 229707);
Jonathan L. Segal (SBN: 264238)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017
kellisager@dwt.com
(213) 633-6800

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

☐ CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ Unspecified amount in excess of $75,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(a) . Breach of implied contract arising from alleged unauthorized use of idea for television program.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 840 Trademark | |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) | |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities -- Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 690 Other | ☐ 864 SSID Title XVI | |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 865 RSI (405(g)) | | |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-00330

FOR OFFICE USE ONLY: Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Kylie Krabbe - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Discovery Communications, LLC (incorrectly named as "Discovery Communications, Inc.") - Maryland, Colorado, and Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Breach of Implied Contract - Maryland |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER): _Kelli L. Sager_ Date January 12, 2012
Kelli L. Sager

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 12, 2012 I caused the following documents described as: **CIVIL COVER SHEET** to be served on all other parties to this action by requesting that a messenger from **Apex Attorney Service** deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as follows:

**Devin A. McRae, Esq.**
**William A. Wright, Esq.**
**EARLY, SULLIVAN, WRIGHT, GIZER & MCRAE LLP**
**6420 Wilshire Boulevard, 17th Floor**
**Los Angeles, CA 90048**

Executed on January 12, 2012 at Los Angeles, California.

☐    State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒    Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| **Gino M. Pasquale** | |
| Print Name | Signature |