LASC, Case No.: BC475212

### UNITED STATES DISTRICT COURT                                JS-6
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 12-330-JFW (VBKx)**                    Date:  February 8, 2012

Title:        Kylie Krabbe -v- Discovery Communications, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                        **None Present**
   **Courtroom Deputy**                      **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                      None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER REMANDING ACTION TO LOS ANGELES
                                     COUNTY SUPERIOR COURT**

On December 15, 2011, Plaintiff Kylie Krabbe ("Plaintiff") filed a Complaint against Defendant Discovery Communications, Inc. ("Defendant") in Los Angeles County Superior Court. On January 12, 2012, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441 ("Notice of Removal"), alleging that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Federal jurisdiction founded on Section 1332(a) requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).  When, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional

Initials of Deputy Clerk __sr__

amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant argues that it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000, merely reiterating the allegations of Plaintiff's complaint, in which she claims that Defendant breached an implied contract to compensate her for the use of an idea for a television series and alleges that her "idea had substantial value" and that "if Discovery used [her] idea," she would be paid to "produce the show" and for "use of her idea."  Notice of Removal ¶ 6 (citing Complaint at ¶¶ 46, 47, 49).  It is not facially apparent from these vague allegations that the amount in controversy exceeds $75,000, and Defendant has produced no other evidence to meet its burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the required] amount."); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) (holding that a mere conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting [its] assertion that the amount in controversy exceeds" $75,000).

Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_